cm

FILED
TARRANT COUNTY
11/15/2021 3:04 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 048-330312-21**

| | | |
|---|---|---|
| **LAURIE WINTERS,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **MARRIOTT HOTEL SERVICES, INC. d/b/a GAYLORD TEXAN RESORT & CONFERENCE CENTER** | § | **________JUDICIAL DISTRICT** |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Laurie Winters, by and through her undersigned attorneys, for her causes of action against the Defendant Marriott Hotel Services, Inc. d/b/a Gaylord Texan Resort and Conference Center ("Gaylord"), would show the Court the following:

### I.

1.1 Plaintiff seeks damages in an amount exceeding $250,000 but not more than $1,000,000. Discovery should be conducted as set forth in Rule 190.3, Level II.

### II.

2.1 Plaintiff is a resident of the State of Montana. Defendant is a foreign for-profit corporation conducting business in the State of Texas and may be served with citation by serving C T Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201 or wherever it may be found.

2.2 Plaintiff requests the clerk to serve citation by certified mail.

2.3 Venue is proper in this court because the events which give rise to this case all occurred in Tarrant County.



## III.

3.1 On December 10, 2019 Plaintiff was attending a conference at the Gaylord Texan Resort in Grapevine, Texas. On that evening, she attended a reception which was permitted, organized, and catered by Defendant, its agents or affiliates.

3.2 Unknown to Plaintiff, Defendant had erected a small barrier, not more than 6 inches off the ground, in the area in which the reception took place. Because of its location and lack of height, the barrier was not obvious to Plaintiff. No warning of the barrier was provided and no protection was in place to prevent invitees such as the Plaintiff from tripping over the barrier.

3.3 Plaintiff tripped over the barrier, not knowing it was present, and suffered serious physical injuries.

3.4 The barrier presented an unreasonable risk of danger to the Plaintiff and other users of the space.

3.5 The Defendant was negligent in failing to protect Plaintiff against the unreasonable risk of danger which Defendant knew or should have known was present because of the barrier. Defendant failed to take any steps to warn Plaintiff of the existence of the barrier or the danger it presented.

## IV.

4.1 As a direct and proximate result of the negligence of the Defendant as set forth above, Plaintiff was harmed. She sustained physical impairment, physical disfigurement, has undergone surgical procedures and rehabilitation, endured physical pain and suffering and emotional distress and incurred medical bills. Plaintiff seeks recovery of all of her damages sustained as a result of the negligence of Defendant.



WHEREFORE, Plaintiff prays that she have and recover judgment against the Defendant for her damages to be proved at trial, together with costs of suit incurred herein, pre and post judgment interest as provided by law, and for such other and further relief as Plaintiff may show herself to be entitled.

Respectfully submitted,

**THE PERRIN LAW FIRM**
400 S. Zang Blvd., Suite 1025
Dallas, Texas 75201
Telephone: (214) 646-2004
Facsimile: (214) 646-6117
Email: dougperrin@perrinlaw.org
markperrin@perrinlaw.org

*/s/Doug Perrin*
Doug Perrin
State Bar No. 15796520
J. Mark Perrin
State Bar No. 24013313
**ATTORNEYS FOR PLAINTIFF**

DISTRICT COURT OF TARRANT COUNTY, TEXAS
A CERTIFIED COPY
ATTEST: 11/15/21
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: [signature]
DEPUTY
## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Doug Perrin
Bar No. 15796520
dougperrin@perrinlaw.org
Envelope ID: 59170417
Status as of 11/15/2021 3:11 PM CST

Associated Case Party: Laurie Winters

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Doug Perrin | | dougperrin@perrinlaw.org | 11/15/2021 3:04:12 PM | SENT |

